1  STEVEN T. JAFFE, ESQ.
   Nevada Bar No. 007035
2  sjaffe@lawhjc.com
   KEVIN S. SMITH, ESQ.
3  Nevada Bar No. 007184
   ksmith@lawhjc.com
4

5  **HALL JAFFE & CLAYTON, LLP**
   7425 PEAK DRIVE
   LAS VEGAS, NEVADA 89128-4338
6  (702) 316-4111
   FAX (702) 316-4114
7

*Attorneys for Fuelzone Mart 2, LLC*
8

9  **UNITED STATES DISTRICT COURT**

10 **DISTRICT OF NEVADA**

11 

| SHONDELL PITTS, individually and as legal guardian of P.P., | CASE NO.: 2:19-cv-01974-JCM-VCF |
|---|---|
| Plaintiffs, | |
| vs. | **STIPULATION AND ORDER REGARDING DISCOVERY EXTENSION** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of Clark County, Nevada; JOSEPH LOMBARDO, Sheriff of Clark County, Nevada; DAVID NESHEIWAT, individually and in his official capacity; FUELZONE MART 2, LLC, a Nevada limited liability company; DOE CLERK, an individual and DOES 1 through 10, | |
| Defendants. | |

21      COME NOW Plaintiff SHONDELL PITTS, individually and as legal guardian of P.P., by and

22 through her attorney MITCHELL S. BISSON, ESQ. of LAW OFFICES OF MITCHELL S. BISSON;

23 Defendant FUELZONE MART 2, LLC, by and through its attorneys STEVEN T. JAFFE, ESQ. and

24 KEVIN S. SMITH, ESQ. of HALL JAFFE & CLAYTON, LLP; and Defendants LAS VEGAS

25 METROPOLITAN POLICE DEPARTMENT and DAVID NESHEIWAT, by and through their attorney

26 CRAIG R. ANDERSON, ESQ. of MARQUIS AURBACH COFFING; and hereby stipulate pursuant to

27 **FRCP 16(b)(4)** and **LR 26-4** that good cause warrants an extension of the discovery deadlines set by

28 the Court's Discovery Plan and Scheduling Order, entered on May 12, 2020 (ECF No. 28).

The parties jointly request that discovery be extended for the reasons set forth below.

## I. INTRODUCTION AND PROCEDURAL POSTURE

Plaintiffs Shondell Pitts, individually and as the legal guardian of P.P., a minor, filed the instant lawsuit on November 11, 2019 by filing the Complaint, naming the Las Vegas Metropolitan Police Department ("Metro"), Sheriff Joseph Lombardo, Officer David Nesheiwat and FuelZone Mart 2, LLC as named Defendants. The Plaintiffs also sued "DOE Clerk." (ECF No. 1).

The parties held a discovery conference via telephone on May 8, 2020, in compliance with FRCP 26(f) and LR 26-1. The Court entered the Discovery Plan and Scheduling Order on May 12, 2020, setting the following deadlines:

| | |
|---|---|
| Last day to file a motion to amend pleadings or to add parties: | February 8, 2021 |
| Last day to file Interim Status Report: | March 8, 2021 |
| Last day for disclosures concerning experts: | March 8, 2021 |
| Last day for disclosures concerning rebuttal experts: | April 8, 2021 |
| Last day for filing dispositive motions: | June 8, 2021 |
| Last day to file Joint Pretrial Order: | July 8, 2021 |

(ECF No. 28).

## II. STATEMENT SPECIFYING THE DISCOVERY COMPLETED

### A. Written Discovery

| PROPOUNDED BY | DATE SERVED | DOCUMENT | PARTY PROPOUNDED UPON |
|---|---|---|---|
| FuelZone Mart 2, LLC | 06/18/2020 | First Set of Requests for Admissions | Plaintiff Shondell Pitts, individually (Responses served 08/21/2020) |
| FuelZone Mart 2, LLC | 06/18/2020 | First Set of Interrogatories | Plaintiff Shondell Pitts, individually (Responses served 09/02/2020) |
| FuelZone Mart 2, LLC | 06/18/2020 | First Set of Requests for Production of Documents | Plaintiff Shondell Pitts, individually (Responses served 10/12/2020) |

| PROPOUNDED BY | DATE SERVED | DOCUMENT | PARTY PROPOUNDED UPON |
|---|---|---|---|
| FuelZone Mart 2, LLC | 06/18/2020 | First Set of Requests for Admissions | Plaintiff Shondell Pitts as legal guardian of P.P. (Responses served 08/21/2020) |
| FuelZone Mart 2, LLC | 06/18/2020 | First Set of Interrogatories | Plaintiff Shondell Pitts as legal guardian of P.P. (Responses served 09/02/2020) |
| FuelZone Mart 2, LLC | 06/18/2020 | First Set of Requests for Production of Documents | Plaintiff Shondell Pitts as legal guardian of P.P. (Responses served 10/12/2020) |
| Las Vegas Metropolitan Police Department | | First Set of Interrogatories | Plaintiff Shondell Pitts, individually (Responses served 08/19/2020) |
| Las Vegas Metropolitan Police Department | | First Set of Requests for Production of Documents | Plaintiff Shondell Pitts, individually (Responses served 10/13/2020) |
| Las Vegas Metropolitan Police Department | | First Set of Interrogatories | Plaintiff Shondell Pitts as legal guardian of P.P. (Responses served 08/19/2020) |
| Las Vegas Metropolitan Police Department | | First Set of Requests for Production of Documents | Plaintiff Shondell Pitts as legal guardian of P.P. (Responses served 10/13/2020) |

**B.     FRCP 26 Disclosure Statements**

| PARTY | DISCLOSURE | DATE SERVED |
|---|---|---|
| Plaintiff Shondell Pitts individually and as legal guardian of P.P. | Initial Disclosure | 08/31/2020 |

3

| PARTY | DISCLOSURE | DATE SERVED |
|---|---|---|
| Plaintiff Shondell Pitts individually and as legal guardian of P.P. | Initial Disclosure | 08/31/2020 |
| Defendant FuelZone Mart 2, LLC | Second Supplemental Disclosure | 07/09/20 |
| Defendants Las Vegas Metropolitan Police Department and Officer David Nesheiwat | Third Supplemental Disclosure | 08/20/20 |
| Plaintiff | Initial Disclosure | 10/15/19 |

**C.     Depositions**

The parties completed the depositions of Plaintiff Shondell Pitts and Portia Pitts on December 21, 2020.

**III.    SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

Defendants have been continuing to obtain additional medical records, as it is Defendants' understanding that Plaintiffs are continuing to undergo medical treatment. Therefore, the parties seek additional time to identify and obtain the pertinent medical records. Further, Defendants are currently investigating whether any additional appropriate parties should be added to this action. The parties also anticipate the following discovery will be necessary:

1. Identification of and obtaining additional medical treatment records from additional providers for Plaintiffs not identified in Plaintiffs disclosures to date;

2. Depositions of percipient witnesses to the incident, including the police officers involved;

3. Depositions of the parties, including representatives of LVMPD and FuelZone Mart 2, LLC;

4. Identification and disclosure of the parties' respective expert/rebuttal expert witnesses;

5.     Depositions of Plaintiff's treating physicians and the parties respective designated experts;

6.     Further Discovery as needed, which may not have been specifically addressed herein.

## IV. LEGAL AUTHORITY FOR REOPENING AND CONTINUING DISCOVERY DEADLINES

Pursuant to FRCP 16(b), a movant must establish "good cause" for amending any scheduling order, including the deadline for the close of discovery. *See **Johnson v. Mammoth Recreations, Inc**.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *see also* **Local Rule 26-4**; ***Werbicky v. Green Tree Servicing, LLC***, No. 2:12-CV-01567-JAD, 2014 WL 5470466, at *1 (D. Nev. Oct. 27, 2014). When the deadline has already expired, a movant must also demonstrate that the failure to act was the result of excusable neglect. *See* **Local Rule 26-4**; ***Werbicky***, *supra* (*citing **Nunez v. Harper***, 2014 U.S. Dist. Lexis 84287, *6, 2014 WL 2808985 (D. Nev. June 20, 2014)).

In determining whether "good cause" exists, the Court "[p]rimarily considers the diligence of the party seeking the amendment." ***Johnson***, 975 F.2d at 609. "The district court may modify the pretrial schedule "[i]f it cannot reasonably be met despite the diligence of the party seeking the extension." ***Id***. (quoting Fed. R. Civ. P. 16). The Court may also consider the prejudice the party will suffer as a result of not obtaining that discovery, although such a factor is secondary to due diligence. ***Id***. The district court has discretion in making such a determination. ***Id***.

Should the Court find "good cause" exists, it must then consider whether there is a showing of excusable neglect as to why the deadline was not completed before it passed. ***Nunez***, *supra*. "Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence." ***Id***. (*citing **Lemoge v. U.S.***, 587 F.3d 1188, 1195 (9th Cir. 2009). "There are at least four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. (*citing **Bateman v. U.S. Postal Serv**., 231 F.23d 1220, 1223-24 (9th Cir. 2000)). "The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. (citing ***Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship***, 507 U.S. 380, 395 (1993)) (emphasis added). The circumstances in this

5

case meet each requirement and merit reopening the expired discovery deadlines and continuing the remaining dates. For the reasons set forth below, as well as an examination of the *Bateman* factors weighs in favor of granting the parties' stipulation to reopen and extend the discovery deadlines.

     *1.     The Dangers of Prejudice to the Opposing Party*

In the instant circumstance there is no danger to the opposing party. All parties are in agreement to extend all the deadlines in this case. It appears Plaintiffs continue to treat, and additional medical records and providers will need to be identified and obtained. It would be prejudicial, especially where both sides agree that additional discovery is necessary in this case, and when the parties have acted diligently and promptly since discovery has opened. Moreover, the Court recently allowed the Plaintiffs to substitute Allen Jackson as a named Defendant in the place of "DOE Clerk." (ECF No. 44). The parties respectfully submit it would be prejudicial to this new Defendant if he is not permitted sufficient time to become familiar with the facts and allegations of this case, and to conduct discovery in his defense.

     *2.     The Length and Reason for the Delay and Its Potential Impact on the Proceedings.*

The parties have exercised reasonable diligence and are moving forward with the discovery process. The Court only recently allowed the substitution of Defendant Jackson. Indeed, Defendant Jackson has not yet been served with the summons and complaint, the Plaintiffs having until May 30, 2021 to effect service of process in compliance with the Court's Order. Therefore, the length of delay is necessary, but for the bases set forth herein, would not be a burden to either the Court or to the parties. The potential impact on the proceedings is also minimal, as there is no trial date set in this case yet, and the parties all are in complete agreement that the instant extension is necessary.

     *3.     Whether the Movants Acted in Good Faith*

There is no other motion pending before the Court, as all parties to the case have agreed a stipulation to continue the discovery deadlines are necessary and warranted. The parties agree that in the absence of a stipulation, the parties would equally prejudiced in terms of being unable to conduct the necessary discovery to both prosecute and defend the case at bar.

Therefore, the parties jointly submit the length of the delay in seeking the extension (although less than twenty-one (21) days before the expiration of the deadline to designate expert witnesses and

after the deadline to amend pleadings and add parties) as required by Local Rule 26-4 was negligible and that the negative impact on the parties in granting the jointly sought extension is not an issue at this time. Therefore, the parties respectfully submit that as joint movants, who are continuing to actively obtain records and discovery, have acted in good faith in seeking the extension requested herein. For these reasons, the parties jointly submit that the failure to request a discovery extension within the 21 days prior to the expiration of the deadline requested to be extend has sufficient good cause and was caused by excusable neglect sufficient for this Court to extend the deadlines as requested herein.

**V.    CURRENT AND PROPOSED DISCOVERY SCHEDULE AND TRIAL DATE:**

The current discovery schedule is as follows:

| | |
|---|---|
| Last day to file a motion to amend pleadings or to add parties: | February 8, 2021 |
| Last day to file Interim Status Report: | March 8, 2021 |
| Last day for disclosures concerning experts: | March 8, 2021 |
| Last day for disclosures concerning rebuttal experts: | April 8, 2021 |
| Last day for filing dispositive motions: | June 8, 2021 |
| Last day to file Joint Pretrial Order: | July 8, 2021 |

(ECF No. 28).

The parties propose the following Discovery Schedule:

| | |
|---|---|
| Last day to file a motion to amend pleadings or to add parties: | June 8, 2021 |
| Last day to file Interim Status Report: | July 8, 2021 |
| Last day for disclosures concerning experts: | July 8, 2021 |
| Last day for disclosures concerning rebuttal experts: | August 9, 2021 |
| Last day for filing dispositive motions: | October 8, 2021 |
| Last day to file Joint Pretrial Order: | November 8, 2021 |
| | (or thirty (30) days after the Court's ruling the parties' final dispositive motion) |

Said request is not being made for the purpose of unduly delaying discovery or the trial of this matter. Further, given the recent addition of Defendant Jackson as a named Defendant in place of "DOE

Clerk," the parties respectfully submit that an additional discovery extension may be required to permit Defendant Jackson the opportunity to participate fully in discovery in this action.

Accordingly, based on the foregoing, the Parties respectfully request this Court grant the instant Stipulation.

**IT IS HEREBY STIPULATED:**

DATED this 2ⁿᵈ day of March, 2021.

**HALL JAFFE & CLAYTON, LLP**
/s/ *Kevin S. Smith*
_____
STEVEN T. JAFFE, ESQ.
Nevada Bar No. 007035
KEVIN S. SMITH, ESQ.
Nevada Bar No. 007184
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Defendant Fuelzone Mart 2, LLC*

DATED this 2ⁿᵈ day of March, 2021.

**MARQUIS AURBACH COFFING**
/s/ *Craig R. Anderson*
_____
CRAIG R. ANDERSON, ESQ.
Nevada Bar No. 006882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendants Las Vegas Metropolitan Police Department and Officer David Nesheiwat*

DATED this 2ⁿᵈ day of March, 2021.

**LAW OFFICES OF MITCHELL S. BISSON**
/s/ *Mitchell s. Bisson*
_____
MITCHELL S. BISSON, ESQ.
Nevada Bar No. 011920
911 North Buffalo Drive, Ste. 201
Las Vegas, NV 89128
*Attorneys for Plaintiffs SHONDELL PITTS, individually and as legal guardian of P.P.*

CASE NO.: 2:19-cv-01974-JCM-VCF
Pitts vs. LVMPD et al
SAO to Extend Discovery

**[PROPOSED] ORDER**

In accordance with the stipulation of the parties, the Court orders as follows:

IT IS ORDERED that the discovery deadlines are continued as follows:

| | |
|---|---|
| Last day to file a motion to amend pleadings or to add parties: | ~~June 8, 2021~~ Expired |
| ~~Last day to file Interim Status Report:~~ | ~~July 8, 2021~~ |
| Last day for disclosures concerning experts: | July 8, 2021 |
| Last day for disclosures concerning rebuttal experts: | August 9, 2021 |
| Last day for filing dispositive motions: | October 8, 2021 |
| Last day to file Joint Pretrial Order: | November 8, 2021 |

(or thirty (30) days after the Court's ruling the parties' final dispositive motion)

IT IS SO ORDERED.

Dated: 3-10-2021

_____
UNITED STATES MAGISTRATE JUDGE

9